Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Tiffany G. Jensen, Esq. (SBN: 256842)
tiffany@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY MESIANO<br><br>                    Plaintiff,<br>v.<br><br>ERICA L. BRACHFELD AND LAW OFFICES OF BRACHFELD & ASSOCIATES, PC; LVNV FUNDING LLC; NCO FINANCIAL SYSTEMS, INC.; AND RESURGENT CAPITAL SERVICES L.P.<br>                    Defendants. | **Case No.: 09 CV 1046 MMA BLM**<br><br>**First Amended Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

1   Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.  Mercy Mesiano, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Erica L. Brachfeld and the Law Offices of Brachfeld & Associates, PC; LVNV Funding LLC; NCO Financial Systems, Inc.; and Resurgent Capital Services L.P., ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

//
//

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a natural person who resides in the State of California.

11. Defendants are located in the the State of California.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendants conducted business within the State of California.

19. Sometime before September 11, 2008, Plaintiff is alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, but before September 11, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

23. Subsequently, but before September 11, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Erica Brachfeld on behalf of Defendant the Law Office of Erica Brachfeld for collection.

24. On or about September 11, 2008, Defendant Erica Brachfeld on behalf of Defendant the Law Office of Erica Brachfeld filed a lawsuit against Plaintiff

in the Superior Court for the State of California in San Diego, case number 37-2008-00091462-CL-CL-CTL.

25. Plaintiff is informed and believes, and thereon alleges that Defendant Erica Brachfeld on behalf of Defendant the Law Office of Erica Brachfeld initiated this current action well outside the statute of limitations allowed by California Law.

26. Through this conduct, Defendant Erica Brachfeld on behalf of Defendant the Law Office of Erica Brachfeld was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant Erica Brachfeld on behalf of Defendant the Law Office of Erica Brachfeld violated 15 U.S.C. § 1692f(1).

27. Plaintiff is informed and believes, and thereon alleges that the lawsuit filed by Defendant Erica Brachfeld on behalf of Defendant the Law Office of Erica Brachfeld was initiated without any reasonable inquiry into the facts or merits of the allegation. As such this action by Defendant Erica Brachfeld on behalf of Defendant the Law Office of Erica Brachfeld violated 15 U.S.C. §§ 1692e, 1692e10, and 1692f.

28. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

29. In the alternative, Plaintiff is informed and believes, and thereon alleges that Defendants LVNV Funding LLC, NCO Financial Systems, Inc., and Resurgent Capital Services L.P. Defendants caused Erica L. Brachfeld and the Law Offices of Brachfeld & Associates, PC to initiate this current action well outside the statute of limitations allowed by California Law.

30. Through this conduct, Defendants LVNV Funding LLC, NCO Financial Systems, Inc. and Resurgent Capital Services L.P. were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants LVNV Funding LLC, NCO Financial Systems, Inc. and Resurgent Capital Services L.P. violated 15 U.S.C. § 1692f(1).

31. Plaintiff is informed and believes, and thereon alleges that the lawsuit filed by Defendants LVNV Funding LLC, NCO Financial Systems, Inc. and Resurgent Capital Services L.P. was initiated without any reasonable inquiry into the facts or merits of the allegation. As such this action by Defendants LVNV Funding LLC, NCO Financial Systems, Inc. and Resurgent Capital Services L.P. violated 15 U.S.C. §§ 1692e, 1692e10, and 1692f.

32. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

38. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant, and Plaintiff be awarded damages from each and every defendant, as follows:

## COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

39. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

40. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

41. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

42. An award of actual damages pursuant to California Civil Code § 1788.30(a);

43. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

44. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 19, 2009                    **Hyde & Swigart**

                                          By: /s/ Joshua B. Swigart
                                              Joshua B. Swigart
                                              Attorneys for the Plaintiff