Issa K. Moe, Bar No. 254998
MoeI@moss-barnett.com
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
612.877.5399/FAX 612.877.5016

Christopher D. Holt, Bar No. 228399
cholt@klinedinstlaw.com
KLINEDINST PC
5 Hutton Centre Dr Ste 1000
Santa Ana, CA 92707
714.542-1800/FAX 714.542-3592

Attorneys for Defendant
LVNV FUNDING LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY MESIANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERICA L. BRACHFELD AND LAW OFFICES OF BRACHFELD & ASSOCIATES, PC; LVNV FUNDING LLC; NCO FINANCIAL SYSTEMS, INC.; AND RESURGENT CAPITAL SERVICES, L.P.,<br><br>　　　　Defendants. | Case No: 09 CV 1046 MMA BLM<br><br>**ANSWER OF DEFENDANT LVNV FUNDING LLC**<br><br>Date:<br>Time:<br>Courtroom:　5 (3rd Floor)<br>Judge:　Michael M. Anello<br>Magistrate Judge:　Barbara Lynn Major<br>Complaint Filed:　May 13, 2009<br>Trial Date:　October 12, 2010 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant LVNV Funding LLC ("LVNV"), as and for its Answer to the First Amended Complaint of Mercy Mesiano ("Plaintiff") in the above-entitled

matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

## I.

## **RESPONSES TO PLAINTIFF'S ALLEGATIONS**

1. In response to Paragraph 1 of Plaintiff's Complaint, LVNV states that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), speaks for itself and denies the allegations to the extent, if any, that they misinterpret or otherwise misconstrue the FDCPA or case law interpreting the FDCPA.

2. In response to Paragraph 2 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

3. In response to Paragraph 3 of Plaintiff's Complaint, LVNV admits that Plaintiff brought the instant action against Defendants seeking damages for alleged unlawful and abusive attempts to collect a debt allegedly owed by Plaintiff, but denies that Plaintiff is entitled to any damages from LVNV as there has been no violation of law by LVNV nor any unlawful or abusive attempts to collect a debt allegedly owed by Plaintiff by LVNV. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

4. In response to Paragraph 4 of Plaintiff's Complaint, LVNV has

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

1548678v3

insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

    5.    In response to Paragraph 5 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

    6.    In response to Paragraph 6 of Plaintiff's Complaint, LVNV admits that the statutes referenced confer jurisdiction on this Court, but denies that jurisdiction is appropriate as to LVNV as it has not violated any law.

    7.    In response to Paragraph 7 of Plaintiff's Complaint, LVNV admits that Plaintiff has brought this action alleging violations of the FDCPA and RFDCPA, but denies that it violated any law. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

    8.    In response to Paragraph 8 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

    9.    In response to Paragraph 9 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies

the same.

10. In response to Paragraph 10 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

11. In response to Paragraph 11 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

12. In response to Paragraph 12 of Plaintiff's Complaint, LVNV admits upon information and belief that Plaintiff is obligated to pay a debt, but has insufficient information and knowledge to either admit or deny the remaining allegations set forth therein and therefore denies the same.

13. In response to Paragraph 13 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

14. In response to Paragraph 14 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

15. In response to Paragraph 15 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information

and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

16. In response to Paragraph 16 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

17. In response to Paragraph 17 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

18. In response to Paragraph 18 of Plaintiff's Complaint, LVNV denies all allegations against it.  To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

19. LVNV admits the allegations set forth in Paragraph 19 of Plaintiff's Complaint, upon information and belief.

20. In response to Paragraph 20 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same

21. In response to Paragraph 21 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same

22. In response to Paragraph 22 of Plaintiff's Complaint, LVNV admits

upon information and belief that Plaintiff fell behind on the payments owed on the debt at issue in this matter prior to September 11, 2008, but has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

23. In response to Paragraph 23 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

24. In response to Paragraph 24 of Plaintiff's Complaint, LVNV admits upon information and belief that the Law Offices of Erica Brachfeld filed a lawsuit against Plaintiff, but has insufficient information and knowledge to admit or deny the remaining allegations and therefore denies the same.

25. In response to Paragraph 25 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

26. In response to Paragraph 26 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

27. In response to Paragraph 27 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

28. In response to Paragraph 28 of Plaintiff's Complaint, LVNV has

insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same.

29. In response to Paragraph 29 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

30. In response to Paragraph 30 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

31. In response to Paragraph 31 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

32. In response to Paragraph 32 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

33. In response to Paragraph 33 of Plaintiff's Complaint, LVNV restates and realleges paragraph 1 through 32 of this Answer as though fully set forth herein.

34. In response to Paragraph 34 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

35. In response to Paragraph 35 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

36. In response to Paragraph 36 of Plaintiff's Complaint, LVNV restates and realleges paragraph 1 through 35 of this Answer as though fully set forth herein.

37. In response to Paragraph 37 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

38. In response to Paragraph 38 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same.

39. In response to Paragraph 39 of Plaintiff's Complaint, LVNV admits that Plaintiff seeks the relief requested therein, but denies that Plaintiff is entitled

to such relief from LVNV as there has been no violation of law.

40.     In response to Paragraph 40 of Plaintiff's Complaint, LVNV admits that Plaintiff seeks the relief requested therein, but denies that Plaintiff is entitled to such relief from LVNV as there has been no violation of law.

41.     In response to Paragraph 41 of Plaintiff's Complaint, LVNV admits that Plaintiff seeks the relief requested therein, but denies that Plaintiff is entitled to such relief from LVNV as there has been no violation of law.

42.     In response to Paragraph 42 of Plaintiff's Complaint, LVNV admits that Plaintiff seeks the relief requested therein, but denies that Plaintiff is entitled to such relief from LVNV as there has been no violation of law.

43.     In response to Paragraph 43 of Plaintiff's Complaint, LVNV admits that Plaintiff seeks the relief requested therein, but denies that Plaintiff is entitled to such relief from LVNV as there has been no violation of law.

44.     In response to Paragraph 44 of Plaintiff's Complaint, LVNV admits that Plaintiff seeks the relief requested therein, but denies that Plaintiff is entitled to such relief from LVNV as there has been no violation of law.

45.     In response to Paragraph 45 of Plaintiff's Complaint, LVNV admits that Plaintiff demands a trial by jury, but denies that a trial by jury is appropriate with respect to LVNV as there has been no violation of law.

///

///

## II.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

LVNV's actions have not been willful, to the extent that they violate California or federal law, which LVNV denies.

### THIRD DEFENSE

Plaintiff failed to exercise ordinary and reasonable care on her own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, the damages alleged by Plaintiff and her recovery should therefore be barred or reduced according to law.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff and do not give rise to any liability of LVNV.

### SIXTH DEFENSE

Plaintiff's action against LVNV is barred, in whole or in part, by the applicable statute(s) of limitations.

### SEVENTH DEFENSE

Any damage to Plaintiff, which LVNV denies, is due to the acts or omissions of Plaintiff and/or third parties and LVNV is not liable for said acts, omissions or alleged damages.

///

ANSWER OF DEFENDANT LVNV FUNDING LLC
CASE NO.: 09 CV 1046 MMA BLM

## EIGHTH DEFENSE

Plaintiff's claims are barred by the lack of proximate cause.

## NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate her damages.

## TENTH DEFENSE

Plaintiff's claims are barred by her lack of standing.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of her contracts with her underlying creditors.

## TWELFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the defense of in pari delicto.

## SIXTEENTH DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the statements or acts attributed to LVNV, if made, were privileged communication by interested parties, without malice, to interested persons who requested the information.

///

## EIGHTEENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, title 15 of the United States Code sections 1692 *et seq.*, or the Rosenthal Fair Debt Collection Practices Act, California Code sections 1788 *et seq.*, if applicable, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## NINETEENTH DEFENSE

Plaintiff suffered no damage from the alleged violations by LVNV and therefore is not entitled to any award of damages, attorneys' fees or costs.

## TWENTIETH DEFENSE

LVNV was not a debt collector as defined under California or federal law, in regard to the instant matter.

## TWENTY-FIRST DEFENSE

All of LVNV's actions have been in accordance with California and federal debt collection practices and consumer credit laws.

## TWENTY-SECOND DEFENSE

LVNV may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize her claims, due to the fact that LVNV does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that LVNV may share some responsibility. LVNV therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

///

ANSWER OF DEFENDANT LVNV FUNDING LLC
CASE NO.: 09 CV 1046 MMA BLM

## III.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against it with prejudice and on the merits;

2. Awarding its reasonable costs and attorneys' fees; and

3. Awarding it such other and further relief as the Court deems just and equitable.

MOSS & BARNETT, P.A.


Dated: February 25, 2010          By:  s/ Issa K. Moe
                                       ISSA K. MOE
                                       Attorneys for Defendant
                                       LVNV FUNDING LLC

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

1548678v3

Issa K. Moe, Bar No. 254998
MoeI@moss-barnett.com
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
612.877.5399/FAX 612.877.5016

Christopher D. Holt, Bar No. 558399
Cholt@klinedinstlaw.com
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592

Attorneys for Defendant
LVNV FUNDING, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN OF CALIFORNIA

| | |
|---|---|
| MERCY MESIANO,<br><br>    Plaintiff,<br><br>  v.<br><br>ERICA BRACHFELD AND LAW OFFICES OF BRACHFELD & ASSOCIATES, PC; LVNV FUNDING LLC; NCO FINANCIAL SYSTEMS, INC.; AND RESURGENT CAPITAL SERVICES, L.P.,<br><br>    Defendant. | Case No: 09 CV 1046 MMA BLM<br><br>**CERTIFICATE OF SERVICE**<br><br>Courtroom:     5 (3rd Floor)<br>Judge:              Michael M. Anello<br>Magistrate Judge: Barbara Lynn Major<br>Complaint Filed: May 13, 2009<br>Trial Date:          October 12, 2010 |

- 1 -

# CERTIFICATE OF SERVICE

STATE OF MINNESOTA )
) 
COUNTY OF HENNEPIN )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Hennepin, Minnesota, and my business address is 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, Minnesota 55402.

On **February 25, 2010**, I caused to be served the following documents:

**ANSWER OF DEFENDANT LVNV FUNDING, LLC**

☐ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Minneapolis, Minnesota, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Metro Legal Services on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

- 2 -

1555909v2

**CERTIFICATE OF SERVICE**
CASE NO.: 09 CV 1046 MMA BLM

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Minneapolis, Minnesota, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 25, 2010, at Minneapolis, Minnesota.

       /s/ **Issa K. Moe**
       Issa K. Moe

- 3 -

**CERTIFICATE OF SERVICE**
CASE NO.: 09 CV 1046 MMA BLM

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

1555909v2

Service List
MERCY MESIANO V. ERICA L. BRACHFELD AND LAW OFFICES OF BRACHFELD & ASSOCIATES, PC; LVNV FUNDING LLC; NCO FINANCIAL SYSTEMS, INC.; AND RESURGENT CAPITAL SERVICES, L.P.

| | |
|---|---|
| **Joshua Swigart**<br>Hyde and Swigart<br>411 Camino Del Rio South<br>Suite 301<br>San Diego, CA 92108 | T: (619) 233-7770<br>F: (619) 62297-1022<br><br>Attorneys for Plaintiffs<br>MERCY MESIANO |
| **David J. Kaminski**<br>**Michael P. Lavigne**<br>Carlson and Messer<br>5959 West Century Blvd<br>Suite 1214<br>Los Angeles, CA 90045 | T: (310) 242-2200<br>F: (310) 242-2222<br><br>Attorneys for Defendants<br>ERICA L. BRACHFELD and LAW OFFICES OF BRACHFELD & ASSOCIATES, PC |
| **Christopher D. Holt**<br>KLINEDINST PC<br>5 Hutton Centre Drive, Suite 1000<br>Santa Ana, California 92707 | T: (714) 542-1800<br>F: (714) 542-3592<br><br>Attorneys for Defendants<br>RESURGENT CAPITAL SERVICES, L.P. and LVNV FUNDING, LLC |

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

1555909v2

- 4 -

**CERTIFICATE OF SERVICE**
CASE NO.: 09 CV 1046 MMA BLM